**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BING LI, Individually and on Behalf of All Others Similarly Situated, | Case No.: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| AETERNA ZENTARIS, INC., DAVID A. DODD, JUERGEN ENGEL, DENNIS TURPIN, JUDE DINGES, RICHARD SACHSE, and PAUL BLAKE, | |
| Defendants, | <u>JURY TRIAL DEMANDED</u> |

Plaintiff Bing Li ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by

Aeterna Zentaris, Inc. ("AEZS" or the "Company"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by AEZS; and (c) review of other publicly available information concerning AEZS. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities that purchased or otherwise acquired AEZS securities between October 18, 2012 and November 6, 2014 (the "Class Period").  Plaintiff seeks to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78b-1 and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5.

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

4.      Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as a substantial part of the conduct complained of herein occurred in this District.

5.      In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased AEZS securities at artificially inflated prices during the Class Period and has been damaged thereby.

7.      Defendant AEZS is a biopharmaceutical company primarily engaged in developing treatments in oncology and endocrinology.  AEZS is incorporated in Canada, with wholly-owned subsidiaries operating in New Jersey and Germany. During the Class Period, AEZS' common stock was actively traded on NASDAQ, under the ticker "AEZS."

8.      AEZS maintains an office at 25 Mountainview Blvd., Suite 203, Basking Ridge, New Jersey.

9.      Defendant David A. Dodd ("Dodd") has served as the Company's President and CEO since April 2013.

10.     Defendant Juergen Engel ("Engel") was the Company's President and CEO from September 2008 to April 2013.

11.     Defendant Dennis Turpin ("Turpin") has been the Company's CFO and a Senior Vice President since August 2007.

12.     Defendant Jude Dinges ("Dinges") has been the Company's Chief Commercial Officer and a Senior Vice President since November 2013.

13.     Defendant Richard Sachse ("Sachse") has been the Company's Chief Medical Officer and a Senior Vice President since March 2014.

14.     Defendant Paul Blake ("Blake") was the Company's Chief Medical Officer from August 2007 until early 2014.

15.     Defendants Dodd, Engel, Turpin, Dinges, Sachse, and Blake are collectively the "Individual Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of AEZS during the Class Period and who were damaged thereby.  Excluded from the Class are Defendants, the officers and

directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

17.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, AEZS's securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class.  Members of the Class may be identified from records maintained by AEZS or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

18.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

19.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

20.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)  whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)  whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of AEZS; and

(c)  to what extent the members of the Class have sustained damages and the proper measure of damages.

21.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## **DEFENDANTS' MISCONDUCT**

22.     On October 19, 2009, AEZS announced that they had initiated clinical development of a drug that would be used to evaluate growth hormone deficiency, or AGHD.  This drug was developed as "AEZS-130", and would be marketed under the brand name "Macrilen."

23.     On December 20, 2010, AEZS agreed to a Special Protocol Assessment ("SPA") with the FDA.  This meant that AEZS-130's Phase 3 trials must be conducted pursuant to the SPA, and that the FDA would approve AEZS-130 if the Phase 3 trial results met the objectives outlined in the SPA.

24.     On October 18, 2012, AEZS issued a press release announcing that the Phase 3 clinical results of AEZS-130 "confirm AEZS-130's potential as possibly the first approved oral diagnostic for AGHD."

25.     On November 5, 2013, AEZS submitted a New Drug Application ("NDA") for Macrilen with the FDA.

26.     The developments detailed in ¶¶ 22-25 were touted in AEZ's year 2013 Form 20-F, filed with the SEC on March 21, 2014.

27.     On November 6, 2014, AEZ announced that the FDA declined to approve Macrilen's NDA, because the Phase 3 trial did not actually meet the objectives outlined in the SPA.  The FDA's Complete Response Letter ("CRL") stated, in relevant part:

"[T]hat the planned analysis of the Company's pivotal trial did not meet its stated primary efficacy objective *as agreed to in the Special Protocol Assessment agreement letter between the Company and the FDA*. The CRL further mentioned issues related to the lack of complete and verifiable source data for determining whether patients were accurately diagnosed with AGHD. The FDA concluded that, "in light of the failed primary analysis and data deficiencies noted, the clinical trial does not by itself support the indication." *To address the deficiencies identified above, the CRL states that the Company will need to demonstrate the efficacy of macimorelin as a diagnostic test for growth hormone deficiency in a new, confirmatory clinical study.*" (emphasis added).

28.     On this adverse news, AEZS' stock price dropped from $1.29 to $0.65

29.     On November 7, 2014, AEZS disclosed on an investors' conference call that the Phase 3 trial results for AEZ-130 failed to meet SPA objectives when patients with confirmed AGHD were included.  As a result, AEZS decided to leave out such patients from the clinical trial.

## Applicability of Presumption of Reliance:

## <u>Fraud-on-the-Market Doctrine</u>

30.     At all relevant times, the market for AEZS' common stock was an efficient market for the following reasons, among others:

(a)     AEZS' stock met the requirements for listing, and is listed and actively traded on the Nasdaq, both highly efficient and automated markets;

(b)     During the class period, on average, over several hundreds of thousands of shares of AEZS stock were traded on a weekly basis, demonstrating a very active and

broad market for AEZS stock and permitting a *very strong* presumption of an efficient market;

(c)      As a regulated issuer, AEZS filed periodic public reports with the SEC.

(d)      AEZS regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(e)      Numerous NASD member firms were active market-makers in AEZS stock at all times during the Class Period; and

(f)      Unexpected material news about AEZS was rapidly reflected and incorporated into the Company's stock price during the Class Period.

31.      As a result of the foregoing, the market for AEZS common stock promptly digested current information regarding AEZS from all publicly available sources and reflected such information in AEZS stock price.   Under these circumstances, all purchasers of AEZS common stock during the Class Period suffered similar injury through their purchase of AEZS common stock at artificially inflated prices, and a presumption of reliance applies.

### *Affiliated Ute*

32.     Neither Plaintiff nor the Class need prove reliance – either individually or as a class because under the circumstances of this case, positive proof of reliance is not a prerequisite to recovery, pursuant to ruling of the United States Supreme Court in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972). All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered the omitted information important in deciding whether to buy or sell the subject security.

## FIRST CLAIM

### Violation of Section 10(b) Of

### The Exchange Act Against and Rule 10b-5 Promulgated Thereunder

### Against All Defendants

33.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34.     This claim is brought against all Defendants.

35.     During the Class Period, Defendants carried out a plan, scheme and course of conduct that was intended to and, throughout the Class Period, did: (1) deceive the investing public, including plaintiff and other Class members, as alleged herein; and (2) cause plaintiff and other members of the Class to purchase

AEZS common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

36.     Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the pur-chasers of the Company's common stock in an effort to maintain artificially high market prices for AEZS common stock in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

37.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of AEZS as specified herein.

38.     These Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in

- 11 -

acts, practices, and a course of conduct as alleged herein in an effort to assure investors of AEZS' value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about AEZS and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of AEZS' common stock during the Class Period.

39.     Each of the Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the individual defendants were high-level executives, directors, and/or agents of the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these defendants, by virtue of his or her responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information

about the Company's finances, operations, and sales at all relevant times; and (4) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

40.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly.

41.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of AEZS' common stock was artificially inflated during the Class Period.  In ignorance of the fact that market prices of AEZS' publicly-traded common stock were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclose in public statements by Defendants during the Class Period, Plaintiff and

the other members of the Class acquired AEZS' common stock during the Class Period at artificially high prices and were or will be damaged thereby.

42.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding AEZS' business operations and future prospects, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their AEZS' common stock, or, if they had acquired such common stock during the Class Period, they would not have done so at the artificially inflated prices that they paid.

43.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

44.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

45.     This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation of Section 20(a) Of The Exchange Act

### Against the Individual Defendants

46.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

47.     By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness and/or intimate knowledge of the misleading statements disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the primary violator, including the content and dissemination of the various statements that plaintiff contends are false and misleading.  In particular, each defendant had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

48.     As set forth above, AEZS' violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

49.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other

members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

50.    This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(A)    Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(B)    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(C)    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(D)    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: November 11, 2014                Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/ Laurence Rosen
                                        Laurence Rosen, Esq.
                                        609 W. South Orange Avenue, Suite 2P
                                        South Orange, NJ 07079
                                        Tel: (973) 313-1887
                                        Fax: (973) 833-0399
                                        Email: lrosen@rosenlegal.com

                                        Counsel for Plaintiff