**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BING LI, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>AETERNA ZENTARIS, INC., DAVID A. DODD, JUERGEN ENGEL, DENNIS TURPIN, JUDE DINGES, RICHARD SACHSE and PAUL BLAKE,<br><br>*Defendants*. | Civil Action No.: 3:14-7081 (PGS)(TJB)<br><br><br><br>**MEMORANDUM<br>AND<br>ORDER** |

**SHERIDAN, District Judge.**

Defendants seek reconsideration of the Court's March 2, 2016 Memorandum and Order (the "Order") [ECF No. 66] granting in part and denying in part Defendants' Motion to Dismiss the Second Amended Class Complaint (the "SAC"). They base their argument on four grounds: (1) that the Court applied a lower standard of proof for the scienter requirement as to Defendants Aeterna Zentaris Inc. ("Aeterna") and Juergen Engel ("Engel"); (2) that there were no facts to support a finding of scienter as to Engel; (3) that the Court improperly relied on group pleading and "corporate scienter" doctrines as to Aeterna; and (4) that the Court improperly relied on industry "custom and practice" to support a finding of scienter as to Aeterna. Alternatively, Defendants request that the Court certify its Order for interlocutory review pursuant to 28 U.S.C. § 1292(b).

1

Motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i). "The 'extraordinary remedy' of reconsideration...is 'to be granted sparingly.'" *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "The Rule 'does not contemplate a Court looking to matters which were not originally presented.'" *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J.1988)). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions will only be granted where (1) an intervening change in the controlling law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). All of Defendants arguments concern the third prong.

First, Defendants claim that the Court committed clear error by relying on the "plausibility" rather than the "strong inference" pleading standard to find scienter. As Defendants concede, the Court did set forth the correct scienter pleading standard in the beginning; but in the Order, the Court appeared to apply the plausibility standard on several occasions. The Court disagrees. Even if the Court used the word "plausibly" in the Order, the Court was applying the facts as a whole to support the case for a "cogent" and "strong inference" of scienter, the standard that was provided three times in the Legal Standard section. As the Order states, "when all the facts are taken together, there are sufficient allegations that Defendants here at least had a reckless state of mind." (Order, at 6). The Court also stated, "it is highly improbable that Aeterna had not known that the data sample was modified in violation of

the usual policy." (Order, at 7). As Plaintiff explains, an inference of scienter should be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged," which is the situation here. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

Second, Defendants assert that there is no factual support for the finding that Engel possessed scienter, and the recklessness standard was misapplied. Defendants claim that there are only conclusory allegations in the SAC that Engel attended the pre-NDA meeting. However, the Court determined that the allegations were sufficient to show that either Engel was at the pre-NDA meeting, or that he was at least informed about what occurred. Defendants' assertion that Engel was a German citizen who lived and worked in Germany is meaningless, especially where Engel was the President and CEO of Aeterna for over four years. It is also immaterial that Engel left Aeterna about seven months before the November 2013 NDA filing, when the Court already determined that there was sufficient information that he attended or was apprised of the pre-NDA meeting, that the August 30, 2011 press release provided misleading information about the study, and that he signed the 20-F forms during the class period. The Court finds that such behavior provides a strong inference of "conscious deception," even though Defendants now claim that the Court only applied a lower standard of recklessness. Moreover, the timing of Engel's departure supports the case that he knew something about the deficiencies in the clinical trials.

Third, Defendants argue that the Court improperly applied a group pleading standard. Again, Defendants admit that the Court properly recognized in the beginning of the Order that group pleading is not permitted under the PLRSA. But the Court also specifically examined each Defendant, and determined that at least Engel's behavior could satisfy the pleading standard for Section 10(b) of the Exchange Act and Rule 10b-5. Defendants also assert that the Court applied

3

the "corporate scienter" doctrine as to Aeterna, which "has neither been accepted nor rejected…in securities fraud actions" in this Circuit. *Rahman v. Kid Brands, Inc.*, 736 F.3d 237, 246 (3d Cir. 2013). Under this doctrine, a plaintiff seeks to "plead an inference of scienter against a corporate defendant without raising the same inferences required to attribute scienter to an individual defendant." *Rahman*, 736 F. 3d at 246. Other courts have held that, "the pleaded facts must create a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter." *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital*, 531 F.3d 190, 195 (2d Cir. 2008); *Sun v. Han*, 2015 WL 9304542 (D.N.J. Dec. 21, 2015). The Court found that Engel, the President and CEO, possessed scienter, and this is sufficient to implicate Aeterna.

Fourth, Defendants fault the Court for relying on industry "custom and practice" to support the finding of scienter as to Aeterna. Defendants claim that violation of industry standards are insufficient to establish scienter. *See Stevelman v. Alias Research Inc.*, 174 F.3d 79, 84 (2d Cir. 1999) (explaining that disregard of industry standards may not be, by itself, sufficient evidence of recklessness). However, the Court did not exclusively rely on industry standards. Industry standards were one factor the Court considered, in addition to the rest of the evidence, to establish fraudulent intent. *See Chill v. General Electric Co.*, 101 F.3d 263, 270 (2d Cir. 1996) (noting that, "[a]llegations of a violation of GAAP provisions or SEC regulations, *without corresponding fraudulent intent*, are not sufficient to state a securities fraud claim.") (emphasis added). For example, the Court also considered how the August 30, 2011 press release provided misleading information to investors, how Aeterna made positive statements about the trials throughout the process without clearly disclosing this modification, and how Aeterna conducted due diligence of Ardana before adopting the study.

Defendants also point out that the Court relied on FDA Guidance about the impermissibility of excluding certain subjects.[1] Defendants argue that the same FDA Guidance states that under some circumstances exclusion of certain subjects maybe be permitted, such as where there is a failure to meet entry criteria. That argument lacks merit because the Aeterna press release announced that the company had complied with the terms of the SPA; so assuming the number of subjects could be adjusted, Aeterna still had an obligation to disclose to investors such a change, and FDA's consent was necessary. (SAC ¶ 49). Moreover, even if FDA Guidance could have allowed for exclusion of patients, the SPA did not, and Aeterna and Engel were reckless in failing to disclose same.

The Court does not find that Defendants' arguments set forth the need to correct a clear error of law or to prevent a manifest injustice, and will not grant the motion for reconsideration.

In the alternative, Defendants request that the Court grant certification to permit an interlocutory appeal. Under 28 U.S.C. §1292(b), "a movant must point to: (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). Defendants support this motion with similar arguments that were examined above, such as misapplication of the recklessness standard for scienter, reliance on group pleading and corporate scienter, and application of the plausibility standard. Defendants acknowledge that there is no substantial ground for difference of opinion on the plausibility standard, or group pleading, so it is not clear why an appeal would be warranted under 1292(b) on those matters.

---

[1] This argument is raised for the first time on Reconsideration, and it should have been addressed in the prior motions. *See Feit v. Great–West Life and Annuity Ins. Co.*, 460 F. Supp.2d 632, 644 (D.N.J. 2006) (stating that litigant's attempt to raise new arguments "falls afoul of the admonition to confine the grounds for reconsideration to matters previously presented to, but overlooked by, the court on the original motion.").

Defendants only claim that there is a difference of opinion on the application of industry custom or practice to establish scienter, whether the allegations against Engel meet the heightened recklessness standard, and whether corporate scienter may apply here.

However, certification is "inappropriate when the underlying order involve[s] mixed questions of fact and law because Section 1292(b) was not designed to secure appellate review of factual matters or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court." *Steel Partners II, L.P. v. Aronson*, 2006 WL 3782656, at *2 (D.N.J. Dec. 22, 2006) (internal quotations omitted). It appears that most of Defendants' concerns relate to the Court's application of the law to the facts. In addition, "[a] mere difference of opinion as to the court's discretionary findings or conclusions does not constitute a substantial ground for difference of opinion." *Morgan v. Ford Motor Co.*, 2007 WL 269806, at *3 (D.N.J. Jan. 25, 2007). For these reasons, certification is denied.

## ORDER

Having considered the submissions of the parties and having heard oral argument on May 31, 2016; for the reasons stated in this memorandum, and for good cause shown,

IT IS on this 29 day of June, 2016,

**ORDERED** that Defendants' motion for reconsideration [ECF No. 70] is DENIED; it is further

**ORDERED** that Defendants' motion for a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) [ECF No. 70] is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.